IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONIE FUTURE, | : | |
| Petitioner, | : | 1:17-cv-0854 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DEPUTY TICE, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM**

### **November 1, 2017**

On December 20, 2016, Petitioner Tonie Future ("Future") initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Pennsylvania, challenging his plea of guilty to Third Degree Murder entered in the Court of Common Pleas of Lackawanna County, Pennsylvania.  (Doc. 1).  The matter was transferred to this district on May 15, 2017.  (Doc. 11).  On July 13, 2017, an Order issued directing Respondents to submit a memorandum concerning the timeliness of the petition. (Doc. 13).  Respondents filed a timely Response.  (Doc. 15).  Future sought, and was granted, an extension of time to reply.  (Docs. 18, 19).  Petitioner replied on August 18, 2017.  (Doc. 20).

The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

# I.  **Background**

On December 28, 2011, Future pled guilty to Third Degree Murder in Court of Common Pleas of Lackawanna County criminal case CP-35-CR-0002431-2009. (Doc. 15-3, p. 5; Doc. 15-1, p. 2).  He also pled guilty to various other charges, including conspiracy to commit burglary, attempted murder, and conspiracy to commit robbery, "under different factual scenarios and separate docket numbers." (*Id.*)  On that same date, the court imposed a sentence of ten to twenty years on the Third Degree Murder charge, one to two years on the conspiracy to commit burglary, ten to twenty years on the attempted murder, and four to eight years on the conspiracy to commit robbery which resulted in an aggregate sentence of thirty-five to seventy years.  (Doc. 15-1, p. 2).  Future did not file a direct appeal. (Doc. 15-3, pp. 5, 6).

He filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, on December 24, 2012.  On September 26, 2013, following a hearing, the PCRA Court denied relief.  (Doc. 15-3, pp. 6, 7).  Because Future failed to appeal within the thirty-day time period set forth in PA.R.A.P. 903(a), on December 20, 2013, the Superior Court quashed the appeal as untimely. (Doc. 15-4, pp. 3, 4).

On February 24, 2014, he pursued a second PCRA for the sole purpose of reinstating his appeal rights to the Superior Court.  (Doc. 15-3, p. 7).  On April 17,

2014, the PCRA was granted based on a stipulation reinstating Future's appeal rights with regard to his first PCRA. (*Id.* at 7, 8). On May 6, 2014, he filed an appeal with the Superior Court. (*Id.* at 8). On December 24, 2014, the Superior Court affirmed the PCRA court's order denying relief. (Doc. 15-5, p. 4).

On May 5, 2015, he filed a third PCRA for the sole purpose of reinstating his appeal rights to the Pennsylvania Supreme Court. The parties entered into a stipulation which resulted in the entry of an order reinstating his appeal rights "regarding the Superior Court's Denial of Appeal of Previous PCRA." (Doc. 15-3, p. 9). He filed a petition for allowance of appeal with the Supreme Court on August 6, 2015. (Doc. 15-6, p. 4). On December 31, 2015, the Supreme Court issued an order denying the petition for allowance of appeal. (*Id.*).

On December 20, 2016, he initiated federal habeas proceedings. (Doc. 1).

## II.    Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting

habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on December 28, 2011. He did not pursue a direct appeal. His sentence became final thirty days later, on January 27, 2012. The one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the present petition, filed on December 20, 2016, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

## A.    Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.  *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Future successfully tolled the statute of limitations on December 24, 2014, with the filing of his first PCRA petition.  At that point, approximately 332 days of the one year limitations period had elapsed.  The statute remained tolled until the conclusion of his PCRA proceedings on December 31, 2015.  The statute commenced running and expired 33 days later on February 2, 2016.  Petitioner was required to file his petition in federal court within 33 days of the conclusion of the PCRA proceedings.  He failed to accomplish this in that he did not file his federal petition until December 20, 2016, approximately 323 days after his PCRA proceedings concluded.  Even given the benefit of statutory tolling, Future's petition is clearly untimely.

## B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his

rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Future failed to exercise reasonable diligence throughout the limitations period. He allowed approximately 332 days of the one year limitations period to elapse before filing his first PCRA petition. After his PCRA proceedings concluded, he allowed an additional 323 days to elapse prior to filing his first federal petition.

Future also fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. His argument that PCRA counsels' delay in communicating caused him prejudice is unavailing in this context because the statute of limitations was tolled during the entirety of the PCRA proceedings. And, even if Future received erroneous advice from his PCRA counsel concerning the federal habeas statute of limitation period, as he

suggests, there is no indication that this advice prevented him, in some extraordinary way, from asserting his rights in federal court. *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (although petitioner received erroneous advice from defense counsel as to the habeas filing deadline in federal court and petitioner relied on this advice, equitable tolling was not warranted). Further, lack of knowledge about the law is not an extraordinary circumstance for equitable tolling. *See Jones v. Morton*, 195 F.3d 153, 160 (3d Cir.1999) (misunderstanding of exhaustion requirement is insufficient to excuse failure to comply with the federal habeas statute of limitations). Here, Future has offered no circumstances beyond his control that prevented him from complying with the federal habeas statute. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum or that he was misled by the state court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III.  Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV.  Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will enter.